**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**


*In re* **G.A. and M.B.**

**No. 22-0332** (Mercer County 19-JA-91 and 19-JA-92)


**MEMORANDUM DECISION**


Petitioner Mother C.A.[1] appeals the Circuit Court of Mercer County's March 29, 2022, order terminating her custodial rights to G.A. and M.B.[2] Upon our review, we determine that oral argument is unnecessary. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is vacated because the court failed to set forth sufficient findings of fact and conclusions of law to support the termination of petitioner's custodial rights and the case is remanded for the limited purpose of entering a new dispositional order.

In August of 2019, the DHHR filed a child abuse and neglect petition alleging that petitioner abused drugs, failed to seek treatment for her mental health issues, and failed to provide for her four children, S.P., K.P., G.A. and M.B.[3] The DHHR later amended the petition to include allegations that S.P. and K.P. participated in forensic interviews and disclosed that petitioner extensively physically and emotionally abused them. The children also disclosed that petitioner sold her prescription medications. S.P. and K.P., who were then teenagers, were not returned to petitioner's care. In September of 2019, the circuit court held a preliminary hearing, wherein it returned then three-year-old G.A. and eight-year-old M.B. to petitioner's home. The court granted petitioner a custodial preadjudicatory improvement period in February of 2020. As part of the terms and conditions, petitioner was required to maintain stable housing, employment,

---

[1]Petitioner appears by counsel P. Michael Magann. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Joshua J. Lawson appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]As more fully explained herein, S.P. and K.P. are not at issue in this appeal.

1

cooperate with services, and address and maintain her mental health. At the conclusion of petitioner's preadjudicatory improvement period in September of 2020, the circuit court adjudicated petitioner as an abusing parent and granted her a post-adjudicatory improvement period with the same terms and conditions. G.A. and M.B. remained in her care.

The circuit court held a dispositional hearing in August of 2021 and heard evidence on the DHHR's previously filed motion to terminate petitioner's parental rights to all four children. The DHHR presented evidence that petitioner failed to seek treatment for her bipolar and personality disorders—diagnoses she received in a court-ordered parental fitness evaluation. Additionally, petitioner failed to accept responsibility for any of the issues that led to the petition's filing and instead blamed the children for those issues. Petitioner also contacted S.P. and K.P. against the recommendation of their therapists and the members of the multidisciplinary treatment team, expressing cruel and demeaning messages to the children. The court also heard evidence that petitioner failed to participate in random drug screening since September of 2020. Ultimately, the circuit court found that petitioner had severe mental health issues that affected her ability to parent S.P. and K.P. and that there had been too much trauma inflicted on them to place them back in petitioner's care. Upon the guardian's recommendation, the circuit court terminated petitioner's custodial rights to S.P. and K.P. This Court reviewed that decision and affirmed the circuit court's August 20, 2021, order. *See In re S.P. and K.P.*, No. 21-0746, 2022 WL 710483 (W. Va. Mar. 9, 2022) (memorandum decision).

Regarding G.A. and M.B., the circuit court granted petitioner a post-dispositional improvement period, beginning in August of 2021, and ordered her to resume weekly drug screening and continue mental health therapy. The circuit court further ordered petitioner to participate in a second parental fitness evaluation. Soon after the August of 2021 dispositional hearing, petitioner tested positive for methamphetamine, and the circuit court authorized removal of G.A. and M.B. from her home in November of 2021.

The circuit court held dispositional hearings in February and March of 2022. The DHHR presented expert testimony that petitioner's urine tested positive for methamphetamine on six different occasions and her claim that a "Vick's vapor rub inhaler" caused the false positives was ruled out by specific testing measures. Petitioner also tested positive for marijuana multiple times, which she also claimed was a false positive due to a prescription medication. Petitioner denied that she had a substance abuse problem. Petitioner's parental fitness evaluator testified that he diagnosed petitioner with bipolar disorder, post-traumatic stress disorder, and a mild substance abuse disorder. The evaluator recommended petitioner participate in behavioral therapy and psychiatric treatment. The evaluator noted that petitioner minimized her behaviors during the evaluation and shifted blame to other individuals involved in the proceedings. The evaluator opined that petitioner made a "slight improvement" between her first evaluation in October of 2019 and the second evaluation in December of 2021, but believed that it was unlikely that she could achieve stability the near future given her past lack of success with treatment. In sum, the evaluator opined that petitioner was not stable enough to function as a parent, noting her need for psychiatric medication to stabilize her mood and additional behavioral therapy. The court also heard evidence that petitioner completed her parenting classes and attended some recommended therapy. While petitioner's therapist testified that consistency in therapy was very important for individuals with mood disorders, petitioner testified that she

was not consistent in attending her therapy sessions, attending about once every three weeks rather than biweekly as recommended by her therapist. Finally, petitioner blamed the current proceedings on her older children and did not acknowledge any need for mental health treatment or substance abuse treatment.

Ultimately, the circuit court found that petitioner was not making sufficient progress in her improvement period and that "the children ha[d] been in [the DHHR's] custody for the last eighteen (18) months." The court found on the record that petitioner was "just not ready to have custody of [the] children" and was "out of time" due to the statutory limitation on improvement periods and extensions. It concluded that termination of petitioner's custodial rights was in the best interests of the children. Accordingly, the circuit court terminated petitioner's custodial rights to G.A. and M.B. by its March 29, 2022, order. Petitioner now appeals that order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review of the circuit court's March 29, 2022, dispositional order, we find the court failed to make sufficient findings of fact and conclusions of law to support its decision.[4]

Rule 36(a) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings requires that, "[a]t the conclusion of the disposition hearing, the court shall make findings of fact and conclusions of law, in writing or on the record, as to the appropriate disposition in accordance with the provisions of W. Va. Code § 49-4-604." Further, West Virginia Code § 49-4-604(c) sets forth the various dispositions to be imposed at the conclusion of abuse and neglect proceedings. To terminate a parent's custodial rights, the circuit court must find that "there [is] no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. W. Va. Code § 49-4-604(c)(6). West Virginia Code § 49-4-604 also includes other factors that the circuit court must consider prior to the termination of a parent's custodial rights. *Id.*

Here, the required findings are not presented in the circuit court's written order or the record. This Court has held that

> [w]here a trial court order terminating parental rights merely declares that there is no reasonable likelihood that a parent can eliminate the conditions of neglect, without explicitly stating factual findings in the order or on the record supporting such conclusion, and fails to state statutory findings required by West Virginia Code § [49-4-604] on the record or in the order, the order is inadequate.

---

[4]In light of the circuit court's lack of required findings and conclusions on the matter, we decline to address petitioner's argument that the circuit court should have imposed a less restrictive disposition than the termination of her custodial rights.

Syl. Pt. 4, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001). Further,

> [w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order.

*Id.* at 624, 558 S.E.2d at 623, Syl. Pt. 5. In *Edward B.*, we explained that "[c]lear and complete findings by the trial judge are essential to enable [the appellate court to] properly exercise and not exceed our powers of review." *Id.* at 632, 558 S.E.2d at 631 (citation omitted). Due to the complete lack of required findings, we find it necessary to vacate and remand the circuit court's final dispositional order for the limited purpose of entry of an order that contains the required findings of fact and conclusions of law for appellate review.

Furthermore, to the extent that the circuit court's decision was premised upon its finding that "the children have been in the custody [of the DHHR] for the last eighteen (18) months," we determine that this finding is clearly erroneous. Although not explicit in its order or on the record, in making this finding, the circuit court appears to invoke the statutory limit on improvement periods found in West Virginia Code § 49-4-610(9), which provides:

> Notwithstanding any other provision of this section, no combination of any improvement periods or extensions thereto may cause a child to be in foster care more than fifteen months of the most recent twenty-two months, unless the court finds compelling circumstances by clear and convincing evidence that it is in the child's best interests to extend the time limits contained in this paragraph.

It is apparent from the record and transcript of the dispositional hearings that the circuit court was concerned with this statutory limitation, finding that petitioner was "out of time" to improve. However, G.A. and M.B. were in petitioner's care throughout much of the proceedings, and at the time of the final dispositional hearing, the children had been out of petitioner's home for approximately five months. Clearly, the circuit court's finding that the children had been in the DHHR's custody for the most recent eighteen months is erroneous. Upon remand, the circuit court shall review the record and issue a sufficient dispositional order with proper factual findings.

Accordingly, the circuit court's March 29, 2022, order, is hereby vacated and remanded for the limited purpose of entry of a new order consistent with this decision.[5] The circuit court is directed to enter a new final order within thirty days of the date this decision is entered. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

---

[5]This Court vacates the circuit court's dispositional order only as it relates to petitioner's custodial rights to G.A. and M.B.

Vacated and remanded with directions.

**ISSUED**: February 14, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn